UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS KELLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   No.: 18-cv-2174-JBM |
| | ) |
| **VERMILION COUNTY JAIL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging deliberate indifference, inhumane conditions of confinement and excessive force at the Vermilion County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff's complaint alleges two different periods of detention at the Jail. The first began on October 11, 2017, when after his arrival, Plaintiff was allegedly denied his medication. Plaintiff does not identify any serious medical condition which required medication, does not identify the medication which he was to have received, and does not identify any Defendant whom he holds responsible for denying it. Plaintiff claims that on May 15, 2018, he passed out

1

due to the lack of medication, hitting his head and neck on the concrete floor. Plaintiff pleads that "the sheriffs," apparently sheriffs' deputies, not otherwise identified, responded. The Deputies believed that Plaintiff was "faking" and dragged him to his cell without calling a nurse or offering any medical treatment.

Plaintiff was released from custody and, on a date identified as October 26, 2018, went to the hospital with complaints of excruciating neck pain and numbness in his arm. The Court notes, however, that Plaintiff filed his complaint in June 2018 and believes it likely that he meant to identify the hospital visit as having occurred in 2017, rather than 2018. Plaintiff claims that he thereafter went "from doctor to doctor" and was finally told that he needed an unspecified surgery. The surgery was scheduled for April, presumably April 2018, but canceled by Plaintiff, as he had been offered roles in several network television programs.

Plaintiff claims that on May 5th, presumably May 5, 2018, he was wrongfully accused of an unspecified offense and again sent to the Jail. When Plaintiff arrived there, he was kept for three days in a cell without a bed, and which was rife with feces, urine and blood. It appears that Plaintiff was thereafter transferred to a cell where on June 30, 2018, he fell while climbing onto the top bunk. Plaintiff sustained injury to his arm, side, neck and head. He alleges that he received inadequate medical treatment after this fall, and it was two days before he was taken to the hospital. When he was taken to the hospital, an unidentified officer cuffed his hands and feet too tightly. Plaintiff claims that when he was taken to the hospital, he was peeing and pooping blood, his heart hurt and he needed emergency surgery to his neck.

## ANALYSIS

As Plaintiff was a pretrial detainee during the events at issue, his medical deliberate indifference claim is reviewed under the Due Process Clause of the Fourteenth Amendment,

rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

Here, Plaintiff alleges a colorable deliberate indifference claim regarding the failure to provide him medical treatment after the May 15, 2018 fall during his first detention at the Jail. He does not, however, identify any Defendant whom he holds responsible for these violations. To be liable under § 1983, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville,* 266 F.3d at 740). Plaintiff will be given an opportunity to replead this claim.

Plaintiff's other claim alleging deliberate indifference, excessive force and inhuman conditions of confinement, occurring on May 5, 2018, is improperly joined as it is not related to the earlier claim. *See Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013) (dismissing as unrelated, claims not arising from a single transaction and not involving

common questions of fact or law.); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), ("[u]nrelated claims against different defendants belong in different suits."); Fed.R.Civ.P. 20(a). This is so to "ensure that prisoners pay all fees required under the Prison Litigation Reform Act". *Owens v. Hinsley,* 635 F.3d 950, 952 (7th Cir. 2011). The claims which occurred on or after May 5, 2018 are also DISMISSED. If Plaintiff wishes to proceed on these claims he must file them in a separate action with responsibility for the additional filing fee.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed in its entirety. Plaintiff will have 30 days in which to file an amended complaint to replead the deliberate indifference claims arising from his first detention at the Vermilion County Jail. The amended complaint is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. Failure to file the amended complaint will result in the dismissal of this action. Plaintiff is instructed that he must identify those Defendants whom he holds liable for the alleged violations. If Plaintiff wishes to proceed as to the allegations surrounding the events of May 5, 2018, he must file these in a separate action, with responsibility for the additional filing fee.

2) Plaintiff's motion for status [6], is rendered MOOT.

 11/14/2018               s/Joe Billy McDade
ENTERED                  JOE BILLY McDADE
                         UNITED STATES DISTRICT JUDGE